Ken Clark – 410-209-4859

**19-3619 ADC**

## AFFIDAVIT IN SUPPORT OF A SEARCH AND SEIZURE WARRANT

FILED ___ ENTERED
LOGGED ___ RECEIVED

I, Alicia C. Zimmerman, being duly sworn, depose and state as follows:

NOV 2 0 2019

AT BALTIMORE
CLERK, U.S. DISTRICT COURT
DISTRICT OF MARYLAND
BY ___ DEPUTY

### A. Introduction and Agent Background

1. This affidavit is in support of an application for a search warrant authorizing the search of the property left at the Montgomery County Correctional Facility ("MCCF") in Boyds, Maryland by OSCAR SORTO ROMERO (hereinafter referred to as the **Subject Property**, as described in Attachment A). MCCF staff described the **Subject Property** as one clear trash bag containing miscellaneous clothing, hygiene items, a notebook, papers, and books. As discussed further below, the **Subject Property** is believed to have been used by OSCAR SORTO ROMERO, aka LOBO, a suspected homeboy with and leader of the Parque Vista Locos Salvatruchas ("PVLS") clique of MS-13 and is believed to contain evidence of associated criminal activity. The **Subject Property** is currently in the custody of MCCF in Boyds, Maryland.

2. I am a Special Agent with the Federal Bureau of Investigation ("FBI") and have been so employed since May of 2004. I am an "investigative or law enforcement officer" of the United States, within the meaning of Section 2510(7) of Title 18, United States Code. That is, your affiant is an officer of the United States who is empowered by law to conduct investigations of, and to make arrests for, offenses enumerated in 18 U.S.C. § 2516.

3. I am currently assigned to a squad that is responsible for the investigation of criminal enterprises and gang activity in the Western Maryland area. In that capacity I have investigated murders, robberies, narcotics violations, and other gang-related violence. I have also prepared and participated in the execution of numerous search and arrest warrants. I have also become knowledgeable about the enforcement of state and federal laws pertaining to gang participation. I have interviewed convicted gang members, including members of MS-13, who

decided to cooperate with government officials on numerous occasions. During these interviews the gang members have explained the organizational structures of gangs as well as their methods of operation. I have also spoken with other FBI agents, as well as police officers, and agents from various federal agencies who have told me about similar experiences and the results of their own investigations and interviews. Based upon this experience, I have become knowledgeable about the methods and organizational structure of violent gangs, including MS-13.

4. During my time in the FBI, I have testified in trials and grand jury proceedings, as well as motions and detention hearings. Through my employment with my FBI, I have gained knowledge in the use of various investigative techniques including the use of wiretaps, physical surveillance, undercover agents, confidential informants, the controlled purchase of illegal narcotics, electronic surveillance, consensually monitored recordings, investigative interviews, financial investigations, the service of Administrative and Grand Jury subpoenas, and the execution of search and arrest warrants.

5. The Affiant is aware that those involved in street gangs, such as MS-13, often keep in contact with other gang members even while in jail. They do so through use of jail phones, jail mail, and illicit cellular telephones secreted into the facility. In addition to sending and receiving mail to contact other gang members, incarcerated gang members often also spend time drawing MS-13 related art or drafting song lyrics related to their involvement in the gang. These are often shared among incarcerated gang members and those gang members still outside. Gang members also keep written contact lists that generally include the names and phone numbers of other gang members that they want to contact from jail. Gang members often take photos of themselves and other gang members, including those showing gang tattoos, signs, and graffiti. They often keep these pictures among their personal possessions in jail.

6.   Because this affidavit is being submitted for the limited purpose of establishing probable cause for a search warrant, I have not included every aspect of the investigation, rather I have set forth only those facts which I believe are necessary to establish probable cause. I have not however, excluded any information known to me that would defeat a determination of probable cause. The information contained in this affidavit is based upon my personal knowledge, my review of documents and other evidence, and my conversations with other law enforcement officers and other individuals. All conversations and statements described in this affidavit are related in substance and in part unless otherwise indicated.

**B. Investigation**

7.   The Mara Salvatrucha 13 ("MS-13") violent street gang is an enterprise or group of individuals associated in fact although not a legal entity, which is engaged in, or the activities of which affect, interstate or foreign commerce as defined under Title 18 U.S.C. Section 1959.

8.   MS-13 is comprised of loosely related subsets referred to as "cliques." The names of the cliques often refer back to areas of Los Angeles, California or El Salvador where the clique originated.

9.   The affiant is aware through training and investigation that the 18th Street gang is the principal rival of MS-13. The rules of MS-13 dictate that whenever MS-13 members encounter those they believe to be members of the 18th Street gang, they are to assault and kill them.

10.   Investigators have spoken to a confidential source ("CS 1") in connection with the murder of Irvin Contreras Orellana ("CONTRERAS"). CS 1 has pleaded guilty to conspiracy to participate in a racketeering enterprise. CS 1 is cooperating for leniency in CS 1's case. CS 1's information has been corroborated to the extent possible and law enforcement has deemed CS 1's information reliable.

11. CS 1 informed investigators that on or about March 31, 2017, SORTO and other members and associates of MS-13 conspired to murder CONTRERAS. CS 1 reported that SORTO was a member of MS-13 at the time, specifically, the PVLS clique. CS 1 informed investigators that SORTO and others lured CONTRERAS into the woods in Wheaton, Maryland after determining him to be involved with a "Chavala," which is a term for a rival gang member, in this case specifically 18th Street. Once CONTRERAS was in the woods, SORTO and the others attacked him, stabbing him with knives and machetes until he was dead. SORTO and the others dismembered the body and threw it into a hole they had dug in advance. CS 1 told investigators that SORTO cut out the victim's heart and threw it into the hole.

12. CS 1 also informed investigators that on or about April 3, 2017, SORTO and other members and associates of MS-13 conspired to kidnap and murder Victor Turcios Valle ("TURCIOS") in the District of Maryland. CS 1 informed investigators that SORTO and other MS-13 members kidnapped TURCIOS from Wheaton, Maryland after determining him to be a "chavala." TURCIOS was then driven to Frederick, Maryland, where he was murdered. Multiple MS-13 members and several vehicles were involved.

13. CS 1 also indicated that SORTO had been in charge of the operations of the PVLS clique in Maryland and directed the collection of extortion payments, among other things.

**C. The Subject Property**

14. The applied-for warrant would authorize a search of the **Subject Property**, pursuant to the protocol outlined in Attachment B, for the purpose of identifying the items described in Attachment A.

15. The **Subject Property** is currently in the possession of the MCCF in Boyds, Maryland. SORTO had been charged in Montgomery County, Maryland with murder and was arrested on a related warrant on or about July 8, 2019 in North Carolina. Following his extradition



to Maryland, he was housed at the MCCF, in Boyds, Maryland. On October 16, 2019, a federal grand jury in Baltimore, Maryland returned a Fifth Superseding Indictment (Crim. No. JKB-16-259) charging SORTO with involvement in a racketeering conspiracy, in violation of 18 U.S.C. § 1962, and conspiracy to commit murder in aid of racketeering, in violation of 18 U.S.C. § 1959. On October 21, 2019, he was brought into federal custody and made his initial appearance in U.S. District Court in Baltimore, Maryland.

16. On October 29, 2019, officials at MCCF contacted the FBI and informed them that they had property that SORTO had left at the facility (i.e., the **Subject Property**). The officials at MCCF have agreed to hold the **Subject Property** pending this application for a warrant. The **Subject Property** is currently in the possession of the MCCF, 22880 Whelan Lane, Boyds, Maryland 20841.

17. Based on the information set forth in this affidavit, I believe that sufficient probable cause exists to believe that in the **Subject Property** there is evidence of a racketeering conspiracy, in violation of 18 U.S.C. § 1962, and evidence of Violent Crimes in Aid of Racketeering, in violation of 18 U.S.C. § 1959(a)(6).

18. Your Affiant is also aware that individuals in pretrial detention often keep materials related to their case that may include privileged communications with their attorney. In light of this, an FBI agent not associated with this matter will serve as a taint agent to ensure that attorney-client material is separated and sequestered, and not disclosed to any person assigned to the investigation and prosecution of this case, as detailed in Attachment B.

19. Wherefore, in consideration of the facts presented, I respectfully request that this court issue a search warrant for the **Subject Property**, and authorize the search and seizure of the items described in Attachment A, according to protocol set forth in Attachment B where applicable, which constitute evidence of violations of 18 U.S.C. §§ 1962, 1959.

Alicia C. Zimmerman
Special Agent, FBI

Sworn to before me this 5th day of November, 2019

Honorable A. David Copperthite
United States Magistrate Judge
District of Maryland

## ATTACHMENT A
### Items to be Searched

The property left at the Montgomery County Correctional Facility in Boyds, Maryland by OSCAR SORTO ROMERO (hereinafter referred to as the "**Subject Property**") – described as one clear trash bag containing miscellaneous clothing, hygiene items, a notebook, papers, and books – and currently in the custody of the Montgomery County Correctional Facility 22880 Whelan Lane, Boyds, Maryland 20841, shall be searched according to the protocol listed in Attachment B for any documents or evidence that relate to the offenses described in the warrant, including racketeering conspiracy, in violation of 18 U.S.C. § 1962, and conspiracy to commit murder in aid of racketeering, in violation of 18 U.S.C. § 1959, including the following items: (1) lists of MS-13 gang members and leaders, as well as related identifying information, (2) photographic images of rival gang members, MS-13 gang indicia and MS-13 gang members, (3) any information related to any acts of violence committed in furtherance of the gang, including the use of or trafficking of weapons or firearms, (4) information reflecting the numbers and location of MS-13 gang member's cellular telephones, (5) any notes, letters, correspondence, drawings, song lyrics, or other artwork related to MS-13 activity, and (5) any information related to the directing of criminal activity by MS-13 leaders in El Salvador and within the United States.

The **Subject Property** shall also be searched for evidence of user attribution showing who used or owned the **Subject Property** at the time the things described in this warrant were created, edited, sent or received.

## ATTACHMENT B

### Search Protocol

This warrant authorizes the search of the **Subject Property** listed in Attachment A, for the items listed in Attachment A.

The initial review of these materials will be conducted by an FBI agent not associated with this matter who will serve as a filter agent to ensure that any potentially-privileged material is separated and sequestered, and not disclosed to any person assigned to the investigation and prosecution of this case. Any potentially-privileged material will be placed in an envelope and returned to counsel for OSCAR SORTO-ROMERO. Non-privileged items will be provided to case agents for their review.